HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

* * * * *

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> YOUNG'S GLASS CO. LLC., a Washington limited liability company; MICHAEL PATRICK YOUNG, a individual; IRONSHORE INDEMNITY INC, a Minnesota corporation; RED CANOE CREDIT UNION, a Washington credit union, <br><br> Defendants. | CASE NO.: 2:18-cv-00784-JCC <br><br> **EX PARTE MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS** <br><br> NOTE ON MOTION CALENDAR: August 16, 2018 (First Day Motion) |

Plaintiffs, acting by and through their Counsel, Christensen James & Martin, pursuant to Rules 4(m), 4(e) and 6(b)(1)(B) of the Federal Rules of Civil Procedure, hereby moves the Court for an Order extending the time for Plaintiffs to serve the Defendants Young's Glass Co. LLC and Michael Patrick Young by ninety days. This Ex Parte Motion is made and based upon the Memorandum of Points and Authorities, the Declaration of Counsel and Exhibits attached hereto, together with the pleadings and papers on file herein.

**EX PARTE MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS**
Case No. 2:18-cv-00784-JCC

Page 1

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300
Bellevue, WA 98005
P. (425) 646-2394 /(425) 462-4045
F. (425) 462-5638/(702) 968-8088/(702) 255-0871
wes@cjmlv.com
murban@theurbanlawfirm.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

On May 29, 2018, the Plaintiffs, the Board of Trustees of the Employee Painters' Trust, *et al.* ("Plaintiffs"), filed the Complaint in this Action asserting Claims for Breach of Contract under ERISA, Personal Liability pursuant to the ERISA Trusts' governing documents, Foreclosure of a mechanic's lien pursuant to RCW 60.04.011, and Demand for Relief on a Bond. The Complaint named Young's Glass Co. LLC ("Young's Glass"), Michael Patrick Young ("Michael Young"), Ironshore Indemnity Inc. ("Ironshore"), and Red Canoe Credit Union ("Red Canoe") as Defendants (*See* ECF No. 1). Pursuant to the Fed. R. Civ. P. 4(m), Plaintiffs have 90 days after the Complaint was filed to serve the Defendants, or until August 27, 2018.

Plaintiffs settled their claims against Red Canoe and voluntarily dismissed it, along with the Foreclosure cause of action, on June 26, 2018 (*See* ECF No. 9). On June 29, 2018, Summonses were issued to Young's Glass, Michael Young, and Ironshore. On July 16, 2018, service on Ironshore Indemnity Inc. was accomplished through the State of Washington Office of Insurance Commissioner. *See* Certificate of Service (ECF No. 16) and Notice of Appearance (ECF No. 13).

The Summonses to Young's Glass and Michael Young were issued to their last known address, 9922 180th Way SW, Rochester, WA 98579 ("Rochester Address"). This was the address that Young's Glass reported to the Washington Secretary of State as its principal office street address. *See* Business Information from Washington Secretary of State, attached hereto as **Exhibit 1**; Certificate of Formation and Initial Report filed with Washington Secretary of State, attached hereto as **Exhibit 2**. It is also the address

**EX PARTE MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS**
Case No. 2:18-cv-00784-JCC

Page 2

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300
Bellevue, WA 98005
P. (425) 646-2394 /(425) 462-4045
F. (425) 462-5638/(702) 968-8088/(702) 255-0871
wes@cjmlv.com
murban@theurbanlawfirm.com

1    reported to the Washington Secretary of State for Michael Young as the Registered Agent

2    of Young's Glass. *See* Exhibits 2 and 3.

3    Beginning on July 15, 2018 and continuing until August 14, 2018, a licensed

4    process server attempted service on Young's Glass and Michael Young at the Rochester

5    address on seven different dates and times. No one was found on the premises and the

6    process server was unable to accomplish service. On August 14, 2018, Declarations of

7    Non-Service were provided to the Plaintiffs by the process server. *See* Declarations of

8    Non-Service for Michael Young (ECF No. 14) & Young's Glass (ECF No. 15).

9    On August 15, 2018, pursuant to RCW 23.95.450(2), the Plaintiffs mailed a copy

10   of the Summons and Complaint to Young's Glass at the Rochester Address via USPS

11   certified mail, return receipt requested. *See* **Exhibit 3**.

12   On August 16, 2018, Plaintiffs mailed a copy of the Summons and Complaint to

13   Michael Young at the Rochester Address via USPS certified mail, return receipt

14   requested, with address service requested. *See* **Exhibit 4**. If Michael Young has a

15   forwarding order, USPS will forward the letter and return a notice of the new address.

16   Plaintiffs have conducted a diligent and thorough search of public records for an

17   alternate address where Michael Young may be served. Westlaw's PeopleMap search

18   results reported that the Rochester Address is Michael Young's current address and has

19   been since at least 2013. *See* Westlaw Search Results attached hereto as **Exhibit 5**. The

20   most recent alternate address is 719 N. Tower Ave, Centralia, WA 98531 ("Centralia

21   Address"), which was last reported for Michael Young in December 2017. Plaintiffs are

22   informed and believe that Young's Glass used the Centralia Address for a short time but

23   is no longer active there. On August 16, 2018, Plaintiffs provided instruction to the

24   process server to attempt service on Michael Young at the Centralia Address.

25

**EX PARTE MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS**
Case No. 2:18-cv-00784-JCC

Page 3

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300
Bellevue, WA 98005
P. (425) 646-2394 /(425) 462-4045
F. (425) 462-5638/(702) 968-8088/(702) 255-0871
wes@cjmlv.com
murban@theurbanlawfirm.com

1  Plaintiffs are not aware of any other address where Michael Young is likely to be
2  found, but are hopeful that the letters to the Rochester Address and service attempt at the
3  Centralia Address might be productive. In the event that these efforts are not successful
4  and no other location for service is found, Plaintiffs will most likely attempt service by
5  publication. In any event, these efforts cannot be completed prior to the current service
6  deadline, August 27, 2018.

## II.  ARGUMENT

8  Rule 4(m) of the Fed. R. Civ. P. states, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

13 Fed. R. Civ. P. 4(m). Under Fed. R. Civ. P. 6(b)(1)(A), "When an act may or must be
14 done within a specified time, the court may, for good cause, extend the time with or
15 without motion or notice if the court acts, or if a request is made, before the original time
16 or its extension expires."

17  Under Fed. R. Civ. P. 4(m), the Court must extend the time for service for an
18 appropriate period if the plaintiff can show good cause for the failure. *Lemoge v. U.S.*,
19 587 F.3d 1188, 1198 (9th Cir. 2009). The Court has broad discretion to extend time for
20 service, and the Court must determine on a case-by-case basis whether the plaintiff has
21 shown good cause. *In re Sheehan*, 253 F.3d 507, 512-513 (9th Cir. 2001). Generally,
22 good cause is connected with evidence of diligence and requires more than inadvertence
23 or mistake. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).

**EX PARTE MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS**
Case No. 2:18-cv-00784-JCC

Page 4

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300
Bellevue, WA 98005
P. (425) 646-2394 /(425) 462-4045
F. (425) 462-5638/(702) 968-8088/(702) 255-0871
wes@cjmlv.com
murban@theurbanlawfirm.com

This request is made prior to the original time for accomplishing service, August 27, 2018. Plaintiffs have attempted to accomplish personal service by process server at the Rochester Address reported by Young's Glass and Michael Young to the Secretary of State as a valid address for service of process on Young's Glass. Public records demonstrate that the Rochester Address is the most recent residential address for Michael Young. The process server made reasonable and diligent attempts, seven visits over a four week period, to locate Young's Glass and Michael Young at the Rochester Address, but was unable to find anyone home to accept service.

Plaintiffs have now mailed the Summons and Complaint to Young's Glass at the Rochester Address. Pursuant to RCW 23.95.450(2), service will be accomplished on Young's Glass on the earliest of: (a) The date Young's Glass receives the delivery; (b) The date shown on the return receipt, if executed by the Young's Glass; or (c) Five days after its deposit with the United States postal service. Under Fed. R. Civ. P. 4(h)(1)(A), service on a corporation may be made in the manner prescribed by Rule 4(e)(1) for serving an individual. Rule 4(e)(1), in turn, permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, service under RCW 23.95.450(2) is a permitted means of service.

Plaintiffs have also mailed the Summons and Complaint to Michael Young at the Rochester Address via certified mail, return receipt requested, with address service requested. Plaintiffs are hopeful that this effort will either confirm that Michael Young is residing at the address or a new address will be obtained from USPS.

Plaintiffs have also initiated efforts to serve Michael Young at the Centralia address identified in the Westlaw search. Plaintiffs do not believe this address is currently

EX PARTE MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS
Case No. 2:18-cv-00784-JCC

Page 5

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300
Bellevue, WA 98005
P. (425) 646-2394 /(425) 462-4045
F. (425) 462-5638/(702) 968-8088/(702) 255-0871
wes@cjmlv.com
murban@theurbanlawfirm.com

being used, but are attempting in order to demonstrate diligent efforts to serve Michael Young personally.

Plaintiffs are requesting that the deadline to effect service be extended by ninety (90) days to see if any the secondary attempts to locate Michael Young discussed above are successful and if unsuccessful, Plaintiffs can be certain that all efforts to locate him have been exhausted prior to attempting service by publication. *See U.S. v. Laborde*, No. C06-1548P, 2007 WL 760406, at *1 (W.D. Wash. Mar. 8, 2007) ("Washington law does not require a plaintiff to obtain a Court order to effect service by publication.").

Therefore, good cause exists to extend the time to accomplish service of process so the Plaintiffs may locate an alternative address or serve Michael Young by publication.

### III.  CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion and issue an Order extending the time in which the Plaintiff may effect service of process by ninety (90) days from the date of the Court's Order.

Dated this 16th day of August, 2018.    CHRISTENSEN JAMES & MARTIN

*/s/ Wesley J. Smith*
Wesley J. Smith, Esq.
WSBA #51934
11900 NE 1st St., Suite 300
Bellevue, WA 98005
P. (425) 462-4045 / (702) 255-1718
F. (425) 462-5638 / (702) 255-0871
wes@cjmlv.com

**EX PARTE MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS**
Case No. 2:18-cv-00784-JCC

Page 6

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300
Bellevue, WA 98005
P. (425) 646-2394 /(425) 462-4045
F. (425) 462-5638/(702) 968-8088/(702) 255-0871
wes@cjmlv.com
murban@theurbanlawfirm.com

# CERTIFICATE OF SERVICE

I am an employee of Christensen James & Martin, Chtd. On the date of filing the foregoing papers, I caused a true and correct copy to be served in the following manner:

☒ **ELECTRONIC SERVICE:** Pursuant to LCR 5(b) of the United States District Court for the Western District of Washington, the above-referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

☐ **UNITED STATES MAIL:** By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

☐ **OVERNIGHT COURIER:** By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally-recognized courier, addressed to the parties listed below which was incorporated by reference and made final in the w at their last-known mailing address.

☐ **FACSIMILE:** By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

☐ **ELECTRONIC MAIL:** By sending the above-referenced document via electronic mail to those persons and those addresses listed below:

    /s/ Natalie Saville
Natalie Saville

---

**EX PARTE MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS**

Case No. 2:18-cv-00784-JCC

Page 7

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
11900 NE 1st St., Suite 300
Bellevue, WA 98005
P. (425) 646-2394 /(425) 462-4045
F. (425) 462-5638/(702) 968-8088/(702) 255-0871
wes@cjmlv.com
murban@theurbanlawfirm.com