

KEVIN B. CHRISTENSEN
EVAN L. JAMES ▲†
DARYL E. MARTIN
WESLEY J. SMITH ▲†

LAURA J. WOLFF ▲
KEVIN B. ARCHIBALD

▲ ALSO LICENSED IN UTAH
† ALSO LICENSED IN WASHINGTON

CHRISTENSEN JAMES & MARTIN CHTD.
ATTORNEYS AT LAW

7440 W. SAHARA AVENUE
LAS VEGAS, NEVADA 89117
TEL 702 255 1718
FAX 702 255 0871
WWW.CJMLV.COM

**Writer's Email**: wes@cjmlv.com

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

August 15, 2018

Young's Glass Co. LLC
c/o Registered Agent, Michael Young
9922 180th Way SW
Rochester, WA 98579

      Re:    Legal Process – Board of Trustees of the Employee Painters' Trust vs. Young's Glass Co.
              Case No. 2:18-cv-00784-JCC

Pursuant to RCW 23.95.450(2), enclosed please find a copy of the Summons in a Civil Action issued to Young's Glass Co. LLC and the Complaint in Case No. 2:18-cv-00784-JCC, *Board of Trustees of the Employee Painters' Trust vs. Young's Glass Co. LLC*.

                                      Sincerely,

                                      Wesley J. Smith, Esq.
                                      *Counsel for Plaintiffs*

Enclosures:    Summons in a Civil Action
                      Complaint



AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

Board of Trustees of the Employee Painters' Trust, et al.

*Plaintiff(s)*

v.

Young's Glass Co. LLC; Michael Patrick Young; Ironshore Indemnity Inc.

*Defendant(s)*

Civil Action No. 2:18-cv-00784

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Young's Glass Co. LLC., a Washington limited liablity company
c/o Registered Agent, Michael Young
9922 180th Way SW
Rochester, WA 98579

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Christensen James & Martin
Wesley J Smith, Esq.
7440 W. Sahara Ave.
Las Vegas, Nevada 89117

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 6/29/2018

*Signature of Clerk or Deputy Clerk*

**JUDGE**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

* * * * *

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE WESTERN GLAZIERS RETIREMENT FUND; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE WASHINGTON CONSTRUCTION INDUSTRY SUBSTANCE ABUSE PROGRAM; BOARD OF TRUSTEES OF THE PAINTERS AND ALLIED TRADES LABOR-MANAGEMENT COOPERATION INITIATIVE; WESTERN WASHINGTON GLAZIERS ORG FUND; WESTERN WASHINGTON GLAZIERS MRP; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 5, | CASE NO.: 18-784  **COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| YOUNG'S GLASS CO. LLC., a Washington limited liability company; MICHAEL PATRICK YOUNG, a individual; IRONSHORE INDEMNITY INC, a Minnesota corporation; RED CANOE CREDIT UNION, a Washington credit union; , | |
| Defendants. | |

COMPLAINT
Case No. 18-784

Page 1

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com

The Plaintiffs, Board of Trustees of the Employee Painters' Trust, Board of Trustees of the Western Glaziers Retirement Fund, Board of Trustees of the District Council No. 5 Apprenticeship and Training Trust Fund, Board of Trustees of the Washington Construction Industry Substance Abuse Program, Board of Trustees of the Painters and Allied Trades Labor-Management Cooperation Initiative, Western Washington Glaziers Org Fund, Western Washington Glaziers MRP, and International Union of Painters and Allied Trades District Council No. 5 (collectively "Plaintiffs"), by and through their counsel, Christensen James & Martin and The Urban Law Firm, complain and allege as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial

COMPLAINT
Case No. 18-784

Page 2

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com

1  District in which the Trusts are administered, the signatory labor organization maintains its
2  office, and where the relevant acts took place.

3      4.    To the extent this Complaint sets forth any state law claims, this Court has
4  supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES AND GENERAL ALLEGATIONS

6      5.    The Employee Painters' Trust, Western Glaziers Retirement Fund, District
7  Council No. 5 Apprenticeship and Training Trust Fund, and Washington Construction Industry
8  Substance Abuse Program (collectively "Trusts"), are express trusts created pursuant to written
9  declarations of trust ("Trust Agreements") between various unions, including the International
10 Union of Painters and Allied Trades District Council No. 5 and its associated Locals ("Union"),
11 and various employer associations,

12     6.    The Trusts exist to provide employee benefits to participants under a
13 "multiemployer plan," "employee benefit plan," "employee benefit pension plan," and/or
14 "employee welfare benefit plan," as the case may be, within the meaning of ERISA, 29 U.S.C.
15 §1002(37), (2) and (3).

16     7.    The Board of Trustees and the individual Trustees of each of the Trust Funds is a
17 "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual
18 "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), & (21), with respect to
19 collection of contributions due to the Trust Funds and related matters.

20     8.    These Trusts were created and now exist pursuant to Section 302(c) of the
21 LMRA, 29 U.S.C. § 186(c), and are administered in Seattle, Washington.

22     9.    At all times material herein, the Union has been a labor organization representing
23 employees in the construction industry in Western Washington. The Union represents

COMPLAINT
Case No. 18-784

Page 3

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com

1 employees in an industry affecting commerce within the meaning of Section 301(a) of the
2 LMRA, 29 U.S.C. § 185(a).

3     10.     The Painters and Allied Trades Labor-Management Cooperation Initiative,
4 Western Washington Glaziers Org Fund, and the Western Washington Glaziers MRP are each
5 an unincorporated association or fund to which the Defendants named herein are required to
6 make monetary contributions pursuant to the terms of the Labor Agreement, as described below

7     11.     Defendant Young's Glass Co. LLC ("Young's Glass") is a Washington limited
8 liability company with its principal place of business located at 9922 180th Way SW,
9 Rochester, Washington 98579, doing business as a contractor in the State of Washington, and is
10 identified by Washington UBI No. 604 036 648.

11     12.     Young's Glass holds Washington State Contractors License No.
12 YOUNGGC834BP, which is classified as a Glazing/Glass license, effective January 17, 2017
13 through January 17, 2009. The license is currently suspended.

14     13.     Defendant Michael Patrick Young ("M. Young") is a resident of the State of
15 Washington, and is the sole owner, partner, member, and/or corporate officer of Young's Glass.

16     14.     Defendant Ironshore Indemnity Inc ("Ironshore") is a Minnesota corporation
17 authorized to issue bonds in the State of Washington. Ironshore issued contractor license Bond
18 Number SUR40012427 ("Bond") to Young's Glass, made effective January 10, 2017 and
19 cancelled January 10, 2018, for the purpose of paying, among other things, unpaid fringe benefit
20 contributions as set forth in Wash. Rev. Code § 18.27.040.

21     15.     Defendant Red Canoe Credit Union ("RCCU") is a Washington credit union with
22 its principal place of business located at 1418 15th Avenue, Longview, WA 98623.

COMPLAINT
Case No. 18-784

Page 4

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com

Case 2:18-cv-00784-JCC   Document 17-4   Filed 08/16/18   Page 7 of 14
Case 2:18-cv-00784   Document 1   Filed 05/29/18   Page 5 of 12

1  16. RCCU is the owner of property commonly known as 27022 176th Pl SE, Parcel
2 No. 408880-1740, located at Covington, King County, Washington 98042 ("Red Canoe
3 Property"), the legal description of which is believed to be as follows:

> PORTION 1 JUNE ESTATES LOT 1 EXC SELY 15.50 FT CONVEYED TO CITY OF COVINGTON BY DEED UNDER RECORDING NO 20041122001380; TGW PORTION OF 176TH PLACE SE IN N HALF S HALF SE QTR SE QTR STR 26-22-05 DAF: BEGINNING AT MOST NLY CORNER OF TRACT "A" JUNE ESTATES BEING POINT ON SWLY MARGIN OF SAID 176TH PLACE SE TH S56-53-54E 53.88 FT ALONG SAID SWLY MARGIN TO POINT OF TANGENCY TH SELY ALONG SAID SWLY MARGIN ALONG ARC OF CURVE TO RIGHT HAVING RADIUS OF 25.00 FT THRU CENTRAL ANGELE OF 14-58-04 AND LENGTH OF 6.53 FT TO POINT ON LINE PARALLEL WITH AND 54.50 FT NWLY OF CENTERLINE OF SE WA ROAD TH N46-44-08E 62.61 FT ALONG SAID PARALLEL LINE TO NELY MARGIN OF SAID 176TH PLACE SE TH N56-53-54W 75.09 FT ALONG SAID NELY MARGIN TO POINT OF TANGENCY TH S33-06-06W 60.00 FT TO POB; TGW PORTION OF LOTS 2 & 3 DAF: BEGINNING AT S COMMON CORNER OF SAID LOTS 2 & 3 TH S54-30-18W 89.76 FT ALONG SLY LINE OF SAID LOT 2 TO SW CORNER OF SAID LOT 2 BEING POINT ON NON-TANGENT CURVE RADIUS OF WHICH BEARS N40-15-49E TH NWLY ALONG WLY LINE OF SAID LOT 2 ALONG ARC OF CURVE CONCAVE TO NE HAVING RADIUS OF 120.00 FT THRU CENTRAL ANGLE OF 26-50-58 AND ARC LENGTH OF 56.23 FT TO POINT ON LINE PARALLEL WITH & 35.00 FT SOUTH OF CENTERLINE OF SE 270TH ST AS SHOWN ON RIGHT- OF-WAY PLAN RECORDED UNDER RECORDING NO 20100625900008 TH N68-49-44E 24.32 FT ALONG SAID PARALLEL LINE TO POINT OF TANGENCY TH ELY ALONG SAID PARALLEL LINE ALONG ARC OR CURVE TO RIGHT HAVING RADIUS OF 240.00 FT THRU CENTRAL ANGLE OF 38-43-38 AND ARC LENGTH OF 162.22 FT TO POINT OF COMPOUND CURVATURE TH SLY ALONG ARC OF CURVE TO RIGHT HAVING RADIUS OF 25.00 FT THRU CENTRAL ANGLE OF 101-43-36 AND ARC LENGTH OF 44.39 FT TO SLY LINE OF SAID LOT 3 TH N71-30-41W 94.76 FT ALONG SAID SLY LINE TO POB; TGW PORTION OF TRACT "A" JUNE ESTATES DAF: BEGINNING AT SW CORNER OF SAID TRACT "A" TH N45-16-25E 85.24 FT ALONG NWLY LINE OF SAID TRACT "A" TO NORTHERNMOST CORNER OF SAID TRACT "A" TH S56-53-54E 53.88 FT ALONG NELY LINE OF SAID TRACT "A" TO POINT OF

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com

TANGENCY TH SELY ALONG SAID NELY LINE ALONG ARC OF CURVE TO RIGHT HAVING RADIUS OF 25.00 FT THRU CENTRAL ANGLE OF 14-58-04 AND ARC LENGTH OF 6.53 FT TO POINT ON LINE PARALLEL WITH AND 54.50 FT NORTHWESTERLY OF CENTERLINE OF SE WAX ROAD TH S46-44-08W 42.70 FT ALONG SAID PARALLEL LINE TO S LINE OF SAID TRACT "A" TH N87-52-45W 79.60 FT ALONG SAID S LINE TO POB

17. On or around May 11, 2017, Young's Glass, through M. Young, executed the IUPAT District Council 5 / Local 188 Western Washington Commercial Glazing Agreement and the IUPAT District Council 5 / Local 188 In-Shop Production Workers Agreement (collectively the "CBA") with the Union, by which it agreed to be bound to the terms and conditions of the CBA.

18. Young's Glass also agreed to be bound by the terms and provisions of each of the Trust Agreements utilized to create the Trusts. Young's Glass also agreed to pay fringe benefit contributions to the Plaintiffs at the rates set by the CBA and Trust Agreements.

19. The Plaintiffs are intended third-party beneficiaries of the CBA.

20. At all times material herein, Young's Glass has been obligated to the terms and provision of the CBA and Trust Agreements (the CBA and the Trust Agreements are collectively referred to as the "Labor Agreement").

21. At all times material herein, Young's Glass has been obligated by the terms of the Labor Agreement to submit reports to the Plaintiffs of hours worked by its employees performing work covered by the CBA and to properly pay to the Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis and at specified rates for each hour worked by or paid to the employees for covered labor performed.

22. Young's Glass is an "employer" as that term is understood and defined in the Labor Agreement.

COMPLAINT
Case No. 18-784

Page 6

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com

23. Young's Glass is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and therefore, Young's Glass is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

24. Young's Glass is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 209 U.S.C. § 185(a).

25. Young's Glass submitted remittance reports to the Plaintiffs reporting 1,330.5 hours of covered labor performed by its employees during the months of May 2017 to August 2017. Young's Glass did not submit any payment to the Plaintiffs for these reported hours, resulting in unpaid contributions in the total amount of $25,036.64, plus accrued interest, liquidated damages, attorney's fees, and costs of suit, pursuant to the Labor Agreement and 29 U.S.C. § 1132(g)(2).

26. RCCU contracted with general contractor Christensen Inc. ("Christensen") for the construction of improvements to the Red Canoe Property. On or about February 20, 2017, Christensen subcontracted a portion of its work on the Red Canoe Property to Young's Glass, including materials and labor for aluminum entrance, storefront, doors, windows, and glass.

27. Pursuant to the subcontract with Christensen, Young's Glass employees performed approximately 850 hours of covered labor on the Red Canoe Property during the period of May 2017 through August 2017.

28. Young's Glass did not submit any contributions to the Plaintiffs for this covered work performed on the Red Canoe Property, as required by the Labor Agreement.

29. Young's Glass is delinquent to the Plaintiffs for unpaid contributions in the amount of $17,273.10 for covered labor performed on the Red Canoe Property, plus accrued

COMPLAINT
Case No. 18-784

Page 7

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com

1 interest, liquidated damages, attorney's fees, and costs of suit, pursuant to the Labor Agreement and 29 U.S.C. § 1132(g)(2).

30. On September 29, 2017, within ninety days of Young's Glass' last work on the Red Canoe Property, the Plaintiffs recorded a Claim of Lien against the Red Canoe Property in King County, Washington as Instrument No. 20170929002424. Less than eight months have passed since the Plaintiffs recorded the Claim of Lien.

31. The Plaintiffs are entitled to foreclose their lien against the Red Canoe Property and to obtain a judgment declaring the Plaintiffs lien superior to all other claimed interest in the Red Canoe Property.

FIRST CAUSE OF ACTION

[Breach of Contract – 29 U.S.C. § 1132]

32. The Plaintiffs herein restate and reallege the above allegations.

33. By the Labor Agreement and 29 U.S.C. § 1132(g)(2), Young's Glass is contractually delinquent by failing to properly report Covered Labor, to remit Reports and to pay Contributions or other contract damages when due.

34. Pursuant to 29 U.S.C. § 1132(g)(2) and 29 U.S.C. § 1145, Young's Glass breached the Labor Agreement by failing to timely and properly submit Reports and/or Contributions to the Plaintiffs and/or by failing to pay contract damages as described below.

35. Pursuant to the Labor Agreement, Young's Glass agreed that in the event of any delinquency, Young's Glass would pay, in addition to the delinquent Contributions, all legal costs in connection therewith, whether incurred before or after litigation is commenced.

36. It has been necessary for the Trusts to engage the law firms of Christensen James & Martin and The Urban Law Firm to enforce the contractual obligations owed to the Trusts and collect any and all amounts due. Pursuant to the Labor Agreement and 29 U.S.C. §

COMPLAINT
Case No. 18-784

Page 8

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com

1132(g)(2), the Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs incurred to enforce the Labor Agreement.

37. Pursuant to 29 U.S.C. § 1132(g)(2) and the Labor Agreement, Young's Glass owes the Plaintiffs accrued interest at the rate established therein and/or as otherwise established by applicable law. The Plaintiffs are also entitled to liquidated damages on any unpaid Contributions at the stated contractual rate, pursuant to 29 U.S.C. § 1132(g)(2).

## SECOND CAUSE OF ACTION

[Personal Liability]

38. The Trusts herein restate and reallege the above allegations as if fully set forth verbatim.

39. At all times material herein, Defendant M. Young became personally bound and liable, as Young's Glass's business officer, individually to the terms of the Labor Agreement.

40. Defendant M. Young is personally liable under the Labor Agreement for all unpaid Contributions and contract damages, plus accruing interest, liquidated damages, attorney's fees, and costs of suit.

## THIRD CAUSE OF ACTION

[Foreclosure of Liens – RCW 60.04.011 *et seq.*]

41. The Plaintiffs herein restate and reallege the above allegations.

42. On September 29, 2017, within ninety days of Young's Glass' last work on the Red Canoe Property, the Plaintiffs recorded a Claim of Lien against the Red Canoe Property in King County, Washington as Instrument No. 20170929002424 for payment of the labor debts incurred by Young's Glass for work performed by its employees on the Red Canoe Property.

43. The Plaintiffs have given sufficient notice to RCCU and Christensen, pursuant to RCW 60.04.011, of their lien upon the Red Canoe Property.

COMPLAINT
Case No. 18-784

Page 9

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com

44. Less than eight months have passed since the Plaintiffs recorded the Claim of Lien.

45. The Plaintiffs are entitled to foreclose their lien against the Red Canoe Property and to obtain a judgment declaring the Plaintiffs lien superior to all other claimed interest in the Red Canoe Property.

46. Plaintiffs are entitled to the payment from the foreclosure proceeds of the principal amount owed, pre-judgment interest, court costs and attorney's fees.

## FOURTH CAUSE OF ACTION

[Demand for Relief on Bond]

47. The Trusts herein restate and reallege the above allegations as if fully set forth verbatim.

48. Defendant Ironshore issued the Bond as surety to Young's Glass for the benefit of the Plaintiffs and as a condition for Young's Glass to obtain its contractor's license.

49. The Trusts are an intended third party beneficiary under the Bond.

50. The proceeds from the Bond are payable to the Plaintiffs in satisfaction of any delinquency, damage or costs owed to or incurred by the Plaintiffs for conduct alleged herein by Young's Glass.

51. The Plaintiffs' claims, as set forth herein, are covered by the Bond, and Ironshore must pay any remaining proceeds to Plaintiffs in full or partial satisfaction of the Plaintiffs' claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for Judgment against Defendants, and each of them, as follows:

1. For unpaid fringe benefit contributions in amounts to be proven at trial;

COMPLAINT
Case No. 18-784

Page 10

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com

2. For damages for breach of contract and/or breach of fiduciary duty in an amount to be proven at trial;

3. For liquidated damages in an amount to be proven at trial;

4. For accrued interest on all unpaid contributions and damages from their due dates until paid;

5. For the Plaintiffs' reasonable attorney's fees;

6. For the Plaintiffs' costs of suit incurred herein;

7. For relief as alleged against the Bond;

8. Foreclosure of the Plaintiffs' lien against the Red Canoe Property;

9. Judgment establishing the Plaintiffs' lien as valid and superior to the interests of all Defendants;

10. Pre-judgment interest on the Plaintiffs' claim of lien, plus costs and attorney's fees;

11. Award of the Plaintiffs' costs and attorney's fees incurred in bringing this action for foreclosure;

12. For such additional relief as may be provided for by 29 U.S.C. § 1132(g); and

///
///
///
///
///
///
///
///

COMPLAINT
Case No. 18-784

Page 11

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com

1      13.    For such additional relief as this Court may deem just and proper.

2    DATED this 29th day of May, 2018.

CHRISTENSEN JAMES & MARTIN

By:   /s/ *Wesley J. Smith*
    Wesley J. Smith, Esq.
    WSBA #44654
    800 Bellevue Way NE, Suite 400
    Bellevue, WA 98004
    P. (425) 462-4045/(702) 255-1718
    F. (425) 462-5638/(702) 255-0871
    wes@cjmlv.com

THE URBAN LAW FIRM
    Michael A. Urban, Esq.
    WSBA #20251
    Nathan R. Ring, Esq..
    WSBA #46271
    800 Bellevue Way NE, Suite 400
    Bellevue, WA 98004
    P. (425) 646-2394/(702) 968-8087
    F. (425) 462-5638/(702) 968-8088
    murban@theurbanlawfirm.com
    nring@theurbanlawfirm.com

*Attorneys for Plaintiffs*

COMPLAINT
Case No. 18-784

Page 12

CHRISTENSEN JAMES & MARTIN
AND
THE URBAN LAW FIRM
800 Bellevue Way NE, Suite 400
Bellevue, WA 98004
P. (425) 462-4045/(425) 646-2394
F. (423) 462-5638/(702) 255-0871/(702) 968-8088
wes@cjmlv.com
murban@theurbanlawfirm.com